**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DARREL TREMAINE CARTER** | : | **CIVIL ACTION NO: 2:13-cv-2323** |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE TRIMBLE** |
| **SHERIFF'S OFFICE CALCASIEU** | | |
| **PARISH, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Darrel T. Carter, proceeding *in forma pauperis*, filed the instant civil rights complaint on July 22, 2013.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.

Plaintiff names the following as defendants: Calcasieu Parish Sheriff's Office (CPSO), CCC Assistant Wardens Charles Lavergne and Boyd, CCC Warden Dean Burkhalter, Calcasieu Parish Sheriff Tony Mancuso, the Fourteenth Judicial District Court, and the LDOC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.  Background

Plaintiff contends that he has been subjected to retaliation for filing grievances.  Doc. 1, pp. 4-5.  He claims that shortly after filing a request for administrative remedy he was placed in a cell with an HIV positive inmate.  *Id.*  As a result of this action by the defendants, plaintiff

claims that his life and health are in danger.  *Id.*  He seeks a thorough medical examination, damages for mental anguish, and to have CCC investigated for corruption.  *Id.* at 6.

Plaintiff also claims that he has been held at least a year past his release date.  Doc. 1, p. 3.  He states, "I had enough time served before 1-25-13 incarceration and the February 1, 2013 signing of my probation revocation papers before my May 22, 2013 probation hearing whereas I was given credit for time served with all charges except for any new charges ran concurrently."  *Id.* at 5.  As a result of allegedly being unlawfully held plaintiff seeks immediate release and $200, 000.00 for lost wages.  *Id.* at 6.

## II.  Law and Analysis

### A.  Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir.1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  Habeas Corpus Related Claims

In his request for relief plaintiff seeks release from confinement.

A civil rights proceeding is not an appropriate avenue for pursuing release from confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody.  *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989).  Plaintiff should pursue any such relief in a properly filed federal *habeas corpus* proceeding, if appropriate.

### C.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir.1985).

### a.  Improper Defendants

The court notes that several parties to this action do not have the capacity to be sued.

Federal Rule of Civil Procedure 17(b) provides that the "[c]apacity to sue or be sued shall be determined … by the law of the state where the court is located."  Thus, Louisiana law governs whether the named entities have the capacity to be sued in this action.  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is

-3-

defined in the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

### i. Calcasieu Parish Sheriff's Department

The Calcasieu Parish Sheriff's Department is not a proper party to this action.

In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 864 (M.D. La.1988). The State of Louisiana has not granted juridical status to Calcasieu Parish Sheriff's Department nor to any parish sheriff's office. *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3rd Cir. 8/30/77). Thus, the Calcasieu Parish Sheriff's Department is not a juridical person capable of being sued under 42 U.S.C. § 1983 and should be dismissed from this suit

### ii. The Louisiana Department of Corrections

Plaintiff's claims against the LDOC are not viable because state agencies are not "persons" within the meaning of 42 U.S.C. § 1983. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir.2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981). Furthermore, the Eleventh Amendment bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. *See Vogt v. Board of Comm'rs of the Orleans Levee District,* 294 F.3d 684, 688-89 (5th Cir.2002). Additionally, the Fifth Circuit has previously found that the Louisiana Department of Public Safety and Corrections is protected from suit by the Eleventh Amendment. *See Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (5th Cir.1999). Thus, plaintiff's action against the LDOC is barred and should be dismissed with prejudice.

### iii.   Fourteenth Judicial District Court

As previously stated, Louisiana law governs whether the court is an entity which can be sued, i.e. whether it qualifies as a "juridical person." Fed. R. Civ. P. 17(b).  Under these guidelines (Fed. R. Civ. P. 17(b) and La. Civ. Code Ann. art. 24), the Fourteenth Judicial District Court is a non-juridical entity and is not capable of being sued.  *See Moity v. Louisiana St. Bar Assn.,* 414 F.Supp. 180, 182 (E.D. La.1976) ("state courts are not considered 'persons' within the meaning of § 1983."), *aff'd,* 537 F.2d 1411 (5th Cir.1976).

### b.  Investigation of CCC

Plaintiff requests that the court order an investigation of CCC for corruption.

This type of relief is not available through this complaint.  The court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights.  Thus, plaintiff has failed to state a claim for which relief may be granted.

### c.  Retaliation

Plaintiff claims that he was put in a cell with an HIV positive inmate as an act of retaliation for filing grievances.

Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the Constitution.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996).  However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions." *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him

for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred."  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).  "The inmate must allege more than his personal belief that he is the victim of retaliation."  *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).  "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred."  *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff's complaint makes conclusory allegation in support of his claim.  Such allegations of retaliatory motive are not sufficient to evidence a pattern of retaliation or motive for same.  Plaintiff's allegations of retaliation are insufficient to state a claim and should be dismissed.

### d.  No Actual Injury

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an actual injury caused by the defendants' acts.  *See Brock v. Sparkman*, 101 Fed. Appx. 430 (5th Cir.2004) (citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308-09 (1986)) (prisoner who had bumps and bruises from repeatedly hitting his head on bunk bed had no cognizable injury); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir.1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury).

In this case, plaintiff has not alleged an injury caused by his placement in the cell with an inmate with HIV.  Plaintiff merely seeks monetary damages for mental anguish and suffering without alleging he suffered any health problems as a result of defendants' actions.

According to the Prison Litigation Reform Act "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e, *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997).  For purposes of this statute, the physical injury must be more than *de minimis*.  *Id.*

As previously stated, plaintiff has not alleged even a *de minimis* injury sufficient to support a claim for emotional or mental suffering and his claims should be dismissed.

**e.   *Unlawful Imprisonment and Heck v. Humphrey***

Plaintiff states that his continued incarceration is illegal as he is being held past his release date.  As such, he contests his detention and seeks compensatory damages for the wrongful detention.  However, his claims are barred until such time as the conviction or sentence in question has been declared invalid.

The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas."  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence and, if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Heck*, at 486-487.

Under *Heck,* plaintiff must demonstrate that his sentence has been reversed, invalidated, or expunged prior to bringing the instant action.  Plaintiff has failed to make such a showing. Thus, his claim for monetary damages fails to meet the above standard and should be dismissed as frivolous.

### III.  Conclusion

For the reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Production of Public Records [doc. 7] be **DISMISSED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See***, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 2nd day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE